# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN D. BOWLES,<br><br>        **Plaintiff,**<br><br>        v.<br><br>LEPRINO FOODS COMPANY;<br>LEPRINO FOODS DAIRY PRODUCTS COMPANY,<br><br>        **Defendants.** | CASE NO. 1:19-cv-00635-AWI-BAM<br><br>**ORDER RE: STIPULATION TO STAY CASE AND WITHDRAW DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>(Doc. Nos. 8, 11, 21) |

## I. Introduction

This is a lawsuit about an employee, Plaintiff Steven Bowles, whose employer allegedly violated California's wage-and-hour laws. Bowles alleges that his employer, Defendant Leprino Foods Company and Defendant Leprino Foods Dairy Products Company (collectively, "Defendants"), failed to pay him his lawful wages, provide him with proper meal periods during his shifts, and timely pay him his wages.

Bowles is not the only employee to sue Defendants in this Court for alleged wage-and-hour violations. In addition to this lawsuit, there are multiple other pending wage-and-hour lawsuits filed against Defendants by other employees. The Court previously "related" three of these other lawsuits to this lawsuit pursuant to Local Rule 123(c). See Doc. No. 6 (relating the following lawsuits to this lawsuit: (1) Finder v. Leprino Foods Co., et al., 1:13-cv-2059-AWI-BAM; (2) Perez v. Leprino Foods Co., et al., 1:17-cv-0686-AWI-BAM; and (3) Null v. Leprino Foods Co., 19-cv-0525-AWI-BAM). Now, pursuant to Local Rule 123(c), the Court will relate to

this lawsuit two more wage-and-hour lawsuits filed against Defendants pending in this Court: namely, (4) <u>Vasquez, et al. v. Leprino Foods Co., et al.</u>, 1:17-cv-00796-AWI-BAM; and (5) <u>Howell v. Leprino Foods Co., et al.</u>, 1:18-cv-01404-AWI-BAM. <u>Cf.</u> Doc. No. 8 (Defendants' "Notice of Related Cases").

In light of the five foregoing related lawsuits — most of which were filed before this instant lawsuit — Bowles and Defendants recently stipulated and asked the Court to stay this lawsuit until after the five related cases have been "resolved." Doc. No. 21. The parties tell the Court that staying this lawsuit until after the resolution of the related cases will "avoid piecemeal litigation, preserve judicial and party resources, prevent duplicative and unnecessary work, and to promote judicial economy and efficiency." <u>Id.</u> For the following reasons, the Court will deny without prejudice the parties' request to stay this lawsuit.

## II.  Discussion

A federal district court has inherent power to stay a lawsuit based on considerations of economy of time and effort for the court, counsel, and litigants. <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254-55 (1936). If there is a pending proceeding that is independent of but related to the instant federal lawsuit, then in certain circumstances the federal district court may stay the instant lawsuit while the independent proceeding moves forward. <u>Dependable Highway Exp., Inc. v. Navigators Ins. Co.</u>, 498 F.3d 1059, 1066 (9th Cir. 2007); <u>Leyva v. Certified Grocers of California, Ltd.</u>, 593 F.2d 857, 863 (9th Cir. 1979). The independent proceeding need not be controlling of the instant federal lawsuit to be considered related. <u>Id.</u> at 863-64. Rather, an independent proceeding is related to the instant lawsuit if the proceeding will likely settle and simplify issues in the instant lawsuit. <u>Landis</u>, 299 U.S. at 256.

To determine whether to impose a "<u>Landis</u> stay," the federal district court should weigh the following "competing interests": (1) whether there is a fair possibility that a stay will cause damage; (2) whether a party may suffer hardship or inequity if a stay is not imposed; and (3) whether a stay will contribute to the orderly course of justice. <u>CMAX, Inc. v. Hall</u>, 300 F.2d 265, 268 (9th Cir. 1962). Additionally, a <u>Landis</u> stay (4) cannot be imposed only for judicial economy

and (5) cannot be indefinite and result in undue delay.[1]  <u>Dependable Highway Exp., Inc</u>., 498 F.3d at 1066-67.  "The proponent of a stay bears the burden of establishing its need."  <u>Clinton v. Jones</u>, 520 U.S. 681, 708 (1997) (citing <u>Landis</u>, 299 U.S. at 255).

Here the parties failed to even address their burden, let alone satisfy their burden.  In asking the Court to impose a stay, the parties failed to meaningfully address and analyze the five foregoing "interests" that the Court should weigh when considering a <u>Landis</u> stay.  And although the parties apparently think otherwise, the burden of establishing the need for a stay is not satisfied simply because the parties stipulated to the stay, although that might be indicative of whether the stay will cause damage to a party.  Accordingly, the Court will deny without prejudice the parties' request for a stay.  If the parties wish to successfully renew their request for a <u>Landis</u> stay, then they must meaningfully address the five interests identified in the foregoing legal standard.[2]

Finally, the parties also stipulated that Defendants' pending motion for judgment on the pleadings, Doc. No. 11, be withdrawn without prejudice.  Accordingly, pursuant to the parties' stipulation, Defendants' motion for judgment on the pleadings will be treated by the Court as withdrawn without prejudice.

## ORDER

Accordingly, IT IS HEREBY ORDERED as follows:

1. Pursuant to Local Rule 123(c), the Clerk of Court shall relate the following two lawsuits to this instant lawsuit: <u>Vasquez, et al. v. Leprino Foods Co., et al.</u>, 1:17-cv-00796 and <u>Howell v. Leprino Foods Co., et al.</u>, 1:18-cv-01404;

---

[1] With respect to the "indefiniteness" consideration, the Ninth Circuit looks unfavorably upon stays that lack a specific termination date.  <u>Dependable Highway Exp., Inc.</u>, 498 F.3d at 1066-67.

[2] In requesting that the Court stay this lawsuit, the parties erroneously invoked two distinct legal principles that do not apply here: namely, the <u>Colorado River</u> abstention doctrine, which applies only if there is a parallel and pending state lawsuit, and the "first-to-file rule," which applies only if there is a first-filed lawsuit that involves the "same parties" as the instant lawsuit.  <u>See</u> <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800, 813 (1976) (ushering in and discussing the <u>Colorado River</u> abstention doctrine); <u>Pacesetter Sys., Inc. v. Medtronic, Inc.</u>, 678 F.2d 93, 95 (9th Cir. 1982) (discussing the first-to-file rule).  While the parties did not specifically invoke <u>Landis</u> as the basis for their requested stay, the Court concludes that <u>Landis</u> is more applicable to the facts here than the <u>Colorado River</u> abstention doctrine and the first-to-file rule.

2. The parties' request to stay this lawsuit (Doc. No. 21) is DENIED without prejudice; and

3. Defendants' motion for judgment on the pleadings (Doc. No. 11) is WITHDRAWN pursuant to the parties' stipulation (Doc. No. 21), and the hearing on the motion is VACATED.

IT IS SO ORDERED.

Dated: September 10, 2019

                                                  SENIOR DISTRICT JUDGE