UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN D. BOWLES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LEPRINO FOODS COMPANY;<br>LEPRINO FOODS DAIRY PRODUCTS COMPANY,<br><br>　　　　Defendants. | CASE NO. 1:19-cv-00635-AWI-BAM<br><br>ORDER GRANTING, IN PART, MOTION TO STAY LAWSUIT<br><br>(Doc. No. 25) |

# I. Introduction

In this putative class action lawsuit, an hourly-wage employee, Plaintiff Steven Bowles ("Plaintiff" or "Bowles"), alleges that his employers, Defendant Leprino Foods Company and Defendant Leprino Foods Dairy Products Company (collectively "Defendant" or "Leprino"[1]), violated California's wage-and-hour laws. Specifically, Bowles alleges that Leprino failed to pay Bowles and the other hourly-wage employees — i.e., the putative class — their lawful wages, failed to provide the putative class with proper meal periods during their shifts, and failed to timely pay the putative class their wages.

Now before the Court is Leprino's motion to dismiss this lawsuit pursuant to the first-to-file rule and the claim-splitting doctrine or, in the alternative, to stay this lawsuit pursuant to the Court's inherent staying power. See Doc. No. 26. For the reasons discussed below, the Court will grant Leprino's motion, in part, by staying this lawsuit.

# II. Background

Bowles is not the only employee to sue Leprino in this federal district court for alleged wage-and-hour violations. In addition to this lawsuit, there are multiple putative class action

---

[1] In their joint briefing, Defendant Leprino Foods Company and Defendant Leprino Foods Dairy Products Company make no distinction between, on one hand, Leprino Foods Company and, on the other hand, Leprino Foods Dairy Products Company. Instead, they treat both defendants as if they are a single entity, which they refer to as "Leprino." Accordingly, the Court will adopt the same practice in this order.

wage-and-hour lawsuits pending against Leprino in this district, all filed by other employees of Leprino. These other lawsuits include the following, in chronological order from the earliest-filed to the latest-filed: Finder v. Leprino Foods Company, Case No. 1:13-cv-2059-AWI-BAM ("Finder lawsuit");[2] second, Perez v. Leprino Foods Company, Case No. 1:17-cv-686-AWI, BAM ("Perez lawsuit"); third, Vasquez v. Leprino Foods Company, Case No. 1:17-cv-796-AWI-BAM ("Vasquez lawsuit"); fourth, Howell v. Leprino Foods Company, Case No. 1:18-cv-1404-AWI-BAM ("Howell lawsuit"); and fifth, Bates v. Leprino Foods Company, Case No. 2:20-cv-700-AWI-BAM ("Bates lawsuit").[3]

All five of the foregoing lawsuits were filed before this instant lawsuit was filed, with the exception of the Bates lawsuit. All five lawsuits, as with this instant lawsuit, are still pending in this district, having not yet been fully adjudicated on the merits or settled. All five lawsuits, as with this instant lawsuit, are pending before the same undersigned district court judge. All five lawsuits, as with this instant lawsuit, are putative class actions — but to date class certification has been granted only in the Vasquez lawsuit, not in any of the other lawsuits. Four of the five lawsuits — namely, the Perez, Vasquez, Howell, and Bates lawsuits — concern alleged wage-and-hour violations suffered by hourly employees at specific facilities operated by Leprino. For example, the Perez lawsuit only concerns alleged wage-and-hour violations suffered by hourly employees stationed at Leprino's Lemoore East facility, whereas the Vasquez lawsuit only concerns alleged wage-and-hour violations suffered by hourly employees stationed at Leprino's Lemoore West facility. By contrast, the Finder lawsuit and this instant lawsuit concern alleged wage-and-hour violations suffered by Leprino's hourly employees stationed at all facilities.

///

---

[2] The Court consolidated the Finder lawsuit with Talavera v. Leprino Foods Company, Case No. 1:15-cv-00105-AWI-BAM. The Finder lawsuit is the lead lawsuit, and the Court's reference in this order to the Finder lawsuit includes the consolidated Talavera lawsuit.

[3] In discussing the earlier-filed lawsuits, Leprino asks the Court to take judicial notice of several filings on the Court's docket. Doc. No. 27. Leprino's request is granted because the Court may take judicial notice of its own docket. See LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.), 196 F.3d 1, 8 (1st Cir. 1999) (noting that courts can take judicial notice of their own dockets); Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand.").

## III.  Discussion

**A.      First-to-file rule.**

Leprino argues that this instant lawsuit should be dismissed under the first-to-file rule.  The first-to-file rule is a "generally recognized doctrine of federal comity."  Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 94-95 (9th Cir. 1982).  The rule allows a district court to transfer, stay, or dismiss the instant lawsuit "if a similar case with substantially similar issues and parties was previously filed in another district court."  Kohn Law Group, Inc. v. Auto Parts Mfg. Mississippi, Inc., 787 F.3d 1237, 1239 (9th Cir. 2015); see Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 623 (9th Cir. 1991).  "The first-to-file rule may be applied when a complaint involving the same parties and issues has already been filed in another district.  Thus, a court analyzes three factors: [1] chronology of the lawsuits, [2] similarity of the parties, and [3] similarity of the issues."  Id. at 1240 (citations omitted and brackets added).  The first-to-file rule is intended to "serve the purpose of promoting efficiency well and should not be disregarded lightly."  Id. at 1239 (citations omitted).  The first-to-file rule should be followed by the district court unless there is a "rare or extraordinary circumstance[], inequitable conduct, bad faith, or forum shopping."  Knedlik v. Lincoln Institute of Land Policy, 883 F.2d 1024 (9th Cir. 1989).  When the district court utilizes the first-to-file rule, the district court is exercising its discretion to accept or decline jurisdiction.  Pacesetter Systems, Inc., 678 F.2d at 95 n.1.

Leprino argues that the first-to-file rule should be applied here because the rule's foregoing three elements are satisfied: one, this instant lawsuit was filed after the Finder lawsuit; two, the parties in this lawsuit — namely, Plaintiff Bowles and Defendants Leprino Foods Company and Leprino Foods Dairy Products Company — are similar to the parties in the Finder lawsuit — namely, Plaintiffs Jerrod Finder and Jonathon Talavera and Defendants Leprino Foods Company and Leprino Foods Dairy Products Company; and three, the wage-and-hour issues in this instant lawsuit are similar to the wage-and-hour issues in earlier-filed Finder, Perez, Vasquez, and Howell lawsuits.  Bowles did not oppose Leprino's first-to-file argument.

Even if Leprino's foregoing position was correct, the position is insufficient because Leprino ignored an important consideration of the first-to-file rule: namely, whether the rule

applies when the earlier-filed lawsuit is pending in the same district and before the same judge as the instant lawsuit.  The Ninth Circuit has repeatedly stated that the first-to-file rule applies when the earlier-filed lawsuit is pending "in another district."  See, e.g., Kohn Law Group, Inc., 787 F.3d at 1240; Alltrade, Inc., 946 F.2d at 625; Pacesetter Systems, Inc., 678 F.2d at 95.  That is not the situation here: the earlier-filed lawsuits are pending in the same district and before the same judge as this instant lawsuit.  Accordingly, the Court "must assess whether or not the first-to-file rule has any applicability where a complaint [purportedly] involving the same parties and issues has been filed in the same district or before the same judge in the same district."  Sheehy v. Santa Clara Valley Transportation Authority, 2014 WL2526968, at *2 (N.D. Cal. June 4, 2014); see Rodriguez v. Taco Bell Corp., 2013 WL 5877788, at *2 (E.D. Cal. Oct. 30, 2013).

     Some federal judges view the first-to-file rule as applicable even when the earlier-filed lawsuit is pending in the same district as the instant lawsuit.  See, e.g., Vista Capital Investments, LLC v. Natural Shrimp, Inc., 2020 WL 434562, *3 (S.D. Cal. Jan. 28, 2020).  Other federal judges, however, view the first-to-file rule as inapplicable when the earlier-filed lawsuit is pending in the same district as the instant lawsuit.  See, e.g., Henderson v. JPMorgan Chase Bank, 2011 WL 4056004, at *2 (C.D. Cal. Sept.13, 2011).  According to this second view, "the concerns justifying application of the rule — comity, efficiency, and uniformity — are nonexistent or greatly reduced" when the two lawsuits are pending in the same district.  Id.  Finally, some federal judges, including those of the Fifth Circuit, view the first-to-file rule as inapplicable when the earlier-filed lawsuit is pending in the same district and before the same judge as the instant lawsuit.  See, e.g., Green Tree Servicing, L.L.C. v. Clayton, 689 Fed. Appx. 363, 368 (5th Cir. 2017); Save Power Ltd. v. Syntek Fin. Corp., 121 F.3d 947, 950 (5th Cir. 1997); Rodriguez v. Taco Bell Corp., 2013 WL 5877788, at *2-*3 (E.D. Cal. Oct. 30, 2013).  According to these judges,

> the concerns undergirding the first-to-file rule are not triggered when the cases are before the same judge.  The first-to-file rule is aimed at avoiding both conflicting rulings on similar issues and duplicative rulings.  But when the same judge is deciding both cases, there is no danger of conflicting rulings.  And it increases, rather than diminishes, judicial economy to allow a district court judge to choose which of two pending cases to rule on first.

4

Green Tree Servicing, L.L.C., 689 Fed. Appx. at 368 (citations omitted).

The Ninth Circuit recently faced the issue of whether the first-to-file rule is inapplicable when the earlier-filed lawsuit and the instant lawsuit are pending in the same district. See Dolores Press, Inc. v. Robinson, 766 Fed. Appx. 461, 465-66 (9th Cir. 2019). The Ninth Circuit expressly declined to resolve the issue. Id. Therefore, without further clarification from the Ninth Circuit, the Court adopts the foregoing reasoning from the Fifth Circuit, see Green Tree Servicing, L.L.C., 689 Fed. Appx. at 368, and takes the position that the first-to-file rule is inapplicable when the earlier-filed lawsuit is pending in the same district and before the same judge as the instant lawsuit. Consequently, the first-to-file rule is inapplicable here. For that reason, Leprino's first-to-file rule argument is rejected.

**B.     Anti-claim-splitting doctrine.**

Leprino argues that this lawsuit should be dismissed pursuant to the anti-claim-splitting doctrine. The anti-claim-splitting doctrine prevents a party from maintaining "two separate actions involving the same subject matter at the same time in the same court and against the same defendant." Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008). "A main purpose behind the rule preventing claim splitting is to protect the defendant from being harassed by repetitive actions based on the same claim." Clements v. Airport Auth. of Washoe Cty., 69 F.3d 321, 328 (9th Cir. 1995) (internal quotations and citations omitted).

To determine whether a lawsuit is barred by the anti-claim-splitting doctrine, "the appropriate inquiry is whether, assuming that the first suit were already final, the second suit could be precluded pursuant to claim preclusion." Hartsel Springs Ranch of Colorado, Inc. v. Bluegreen Corp., 296 F.3d 982, 987 n.1 (10th Cir. 2002) (cited with approval in Adams, 487 F.3d at 689). In assessing whether the second lawsuit is precluded by the first, "we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Adams, 487 F.3d at 689. In other words, "[t]here must be the same parties, or, at least, such as represent the same interests; there must be the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the . . . essential basis, of the relief sought must be the

1  same." The Haytian Republic, 154 U.S. 118, 124 (1894) (internal quotation marks omitted).  This
2  is because "a suit is duplicative if the claims, parties, and available relief do not significantly differ
3  between the two actions." Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223 (7th Cir. 1993).

4        As for the requirement that the parties be the same or represent the same interests, a
5  "party" is defined as "one by or against whom a lawsuit is brought." Smith v. Bayer Corp., 564
6  U.S. 299, 313 (2011) (internal citations omitted).  The Supreme Court has "often repeated the
7  general rule that one is not bound by a judgment in personam in a litigation in which he is not
8  designated as a party or to which he has not been made a party by service of process," and this is
9  because "[t]he application of claim and issue preclusion to non-parties . . . runs up against the
10 deep-rooted historic tradition that everyone should have his own day in court." Taylor v. Sturgell,
11 553 U.S. 880, 893 (2008) (internal quotations and citations omitted).  There are some recognized
12 exceptions to this general rule against non-party preclusion, including the exception "that, in
13 certain limited circumstances, a nonparty may be bound by a judgment because she was
14 adequately represented by someone with the same interests who was a party to the suit." Id. at 894
15 (internal quotations and citations omitted).  This exception "include[s] properly conducted class
16 actions." Id.  It is pursuant to this exception that Leprino argues that Bowles, the plaintiff in this
17 instant lawsuit, is similar for claim-splitting purposes to Jerrod Finder and Jonathon Talavera, the
18 plaintiffs in the Finder lawsuit.

19       The problem with Leprino's argument is that there is no court-certified class action in the
20 Finder lawsuit, meaning there is no court-approved class representative in the Finder lawsuit.  In
21 other words, at this point in time, the Court is not persuaded that Bowles is adequately represented
22 in the Finder lawsuit.  While it is true that members of a certified class are considered parties or in
23 privity with a party for purposes of the claim-splitting rule, see Bojorquez, 193 F. Supp. 3d at
24 1124 (citations omitted), the inverse proposition should be equally true: namely, if a putative class
25 has not been certified, then the members of that putative class are not considered parties or in
26 privity with the putative class representative for purposes of preclusion and the claim-splitting
27 doctrine.  A party's representation of a nonparty is only "adequate" for preclusion purposes if, at a
28 minimum: "(1) the interests of the nonparty and her representative are aligned; and (2) either the

6

1 party understood herself to be acting in a representative capacity or the original court took care to
2 protect the interests of the nonparty." Taylor, 553 U.S. at 900 (citations omitted).  In the class
3 action context, as alluded to above, Rule 23 of the Federal Rules of Civil Procedure requires the
4 court to take care that the class representative of the certified class protects the interests of the
5 class members.  In the Finder lawsuit, the Court has not concluded that any parties are adequate
6 representatives of the putative class.  Therefore, at this time, the Court concludes that Bowles is
7 not similar to the parties in the Finder lawsuit for purposes of claim-splitting.  Consequently, the
8 anti-claim-splitting doctrine is inapplicable here.  For that reason, Leprino's claim-splitting
9 argument is rejected.

**C.    Landis stay.**

Leprino argues in the alternative that this lawsuit should be stayed for one year pursuant to the Court's inherent staying power.  A federal district court has inherent power to stay a lawsuit based on considerations of economy of time and effort for the court, counsel, and litigants.  Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936).  If there is a pending proceeding that is independent of but related to the instant federal lawsuit, then in certain circumstances the federal district court may stay the instant lawsuit while the independent proceeding moves forward.  Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007); Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 863 (9th Cir. 1979).  The independent proceeding need not be controlling of the instant federal lawsuit to be considered related.  Id. at 863-64.  Rather, an independent proceeding is related to the instant lawsuit if the proceeding will likely settle and simplify issues in the instant lawsuit.  Landis, 299 U.S. at 256.

To determine whether to impose a "Landis stay," the federal district court should weigh the following "competing interests": (1) whether there is a fair possibility that a stay will cause damage; (2) whether a party may suffer hardship or inequity if a stay is not imposed; and (3) whether a stay will contribute to the orderly course of justice.  CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).  Additionally, a Landis stay (4) cannot be imposed only for judicial economy

1 and (5) cannot be indefinite and result in undue delay.[4]  Dependable Highway Exp., Inc., 498 F.3d
2 at 1066-67.  "The proponent of a stay bears the burden of establishing its need." Clinton v. Jones,
3 520 U.S. 681, 708 (1997) (citing Landis, 299 U.S. at 255).

4     As for whether a stay will cause damage, both Leprino and Bowles are agreeable to staying
5 this lawsuit.  Therefore, pursuant to the parties' agreement, the Court concludes that a stay will not
6 cause damage.  Consequently, this interest does not weigh against a stay.

7     As for whether a party will suffer hardship or inequity if a stay is not imposed, Leprino
8 argues that Leprino will suffer hardship if this lawsuit is not stayed.  According to Leprino, not
9 staying this lawsuit will result in Leprino bearing costs in this lawsuit associated with class
10 discovery, class certification motion practice, and trial preparations — all of which may be a waste
11 or duplicative depending on how the earlier-filed lawsuits progress.  For example, because
12 Bowles' meal break claim in this lawsuit is similar to the meal break claim in the Finder lawsuit,
13 Leprino contends that discovery and motion practice on that claim in this lawsuit may be
14 duplicative and perhaps even unnecessary in light of how the meal break claim proceeds in the
15 Finder lawsuit.  States Leprino, "Discovery on Bowles' claims here while the other cases proceed
16 would cause substantial, unrecoverable, and wasteful expense given that the claims could be
17 altered or rendered moot by the Ninth Circuit or this Court." Doc. No. 26 at 28.  The Court agrees
18 with Leprino that there may be some duplicity between this lawsuit's wage-and-hour claims and
19 the wage-and-hour claims in the earlier-filed lawsuits.  The Court also agrees with Leprino that
20 such duplicity may result in some hardship to Leprino, although the Court has not been persuaded
21 by Leprino that such hardship will be immense or overbearing.  Consequently, this interest weighs
22 only slightly in favor of a stay.

23     As for whether a stay will contribute to the orderly course of justice, Leprino argues that
24 staying this lawsuit will simplify the factual and legal issues in this lawsuit.  The Court agrees.  By
25 first addressing the discovery, certification, and merits issues in the earlier-filed lawsuits while this
26 lawsuit is stayed, it is likely that the parties and the Court will narrow and simplify the similar

---

[4] With respect to the "indefiniteness" consideration, the Ninth Circuit looks unfavorably upon stays that lack a specific termination date.  Dependable Highway Exp., Inc., 498 F.3d at 1066-67.

factual and legal issues in this instant lawsuit, which in turn will streamline this lawsuit once the stay is lifted.  Consequently, this interest weighs in favor of a stay.

As for Leprino's proposed one-year term for the stay, which Bowles agrees to, this proposed term is neither indefinite nor will result in undue delay.  Progress with discovery and certification issues will likely occur in the earlier-filed lawsuits during a one-year stay in this lawsuit.  Further, to ensure that the stay in this lawsuit is tethered to the progress of the earlier-filed lawsuits, the parties in this lawsuit will be ordered to periodically file joint status reports concerning the status of the earlier-filed lawsuits, particularly discussing if and how the factual and legal developments in the earlier-filed lawsuits should impact this lawsuit.

In sum, because the foregoing interests weigh in favor of staying this lawsuit, Leprino's motion to stay this lawsuit for one-year will be granted.

## ORDER

Accordingly, IT IS HEREBY ORDERED as follows:

1. Leprino's motion to dismiss this lawsuit pursuant to the first-to-file rule and the anti-claim-splitting doctrine is DENIED;

2. Leprino's motion to stay this lawsuit for one-year is GRANTED; the one-year period shall commence upon the date of the filing of this order.

3. The parties shall periodically FILE joint status reports in this lawsuit every ninety days, beginning from the date of the filing of this order and continuing until the stay is lifted, and the joint status reports should address the status of the earlier-filed lawsuits, particularly discussing if and how the factual and legal developments in the earlier-filed lawsuits should impact this lawsuit.

IT IS SO ORDERED.

Dated:   June 16, 2020                    _____
                                          SENIOR  DISTRICT  JUDGE